UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*<br><br>  v.<br><br>DAMON RIVERS<br>    *Defendant.* | Crim. Action No.: 3:17-cr-00539<br><br>**MEMORANDUM<br>AND ORDER** |

  This matter comes before the Court on Defendant Damon River's ("Defendant" or "Mr. Rivers") motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 48.) Defendant is a 45-year-old inmate serving a 5-year term of imprisonment for distribution and possession with intent to distribute cocaine. He resides at Fort Dix and has approximately 2 years and 9 months remaining on his sentence. He claims that his underlying health conditions – and the fact that he has contracted COVID-19 – constitute extraordinary and compelling reasons warranting his early release. The Court heard oral argument on December 16, 2020. For the reasons that follow, Defendant's motion is denied.

I.

  Defendant Damon Rivers pleaded guilty to distributing and possessing with intent to distribute cocaine – in the amount of 56 grams of cocaine and 55 grams of cocaine base – in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Plea Agreement, ECF No. 33). This Court sentenced Defendant to five years of imprisonment to be followed by three years of supervised release. (Judgment, ECF No. 45). At the sentencing hearing, the parties agreed that Defendant's total offense level was 21 and he had a criminal history category V, which carried a sentence of

1

70-87 months under the guidelines. (Transcript of Sentencing ("Tr.") 4:16-23, ECF No. 47). His prior criminal history included robbery, three drug violations, and a violation of parole. However, after considering Defendant's personal circumstances, the Court varied downward to a sentence of 60 months. (Tr. 21:23-22:13). Defendant is incarcerated at Fort Dix and is scheduled for release on August 3, 2023, with home confinement expected to begin February 3, 2023. (Moving Br. 2-3, ECF No. 48).

Defendant submitted an internal request for compassionate release on May 11, 2020. (Moving Br. at 3). In his motion, he states that he followed up by email but did not receive a response from the warden within thirty days. (*Id.*).

On November 4, 2020, Defendant moved this Court for compassionate release. First, he argues that his medical conditions place him at an increased risk of severe illness from COVID-19. (*Id.* at 3-4). Mr. Rivers suffers from obesity (BMI 32.1), hypothyroidism, hyperlipidemia, major depressive disorder, and prediabetes. (*Id.* at 4). He cites scientific research and information from the CDC that emphasizes obesity as a predictive factor in one's susceptibility to severe coronavirus illness. (*Id.* at 4-5). He also argues that BOP has inadequately monitored his other health conditions, which he states are precursors for type 2 diabetes and/or increase one's risk of heart attack, stroke, and pancreatitis. (*Id.* at 6). Notably, he tested positive for COVID-19 on November 2 and experienced fever and shortness of breath. (*Id.* at 7; Opp. Br. 2, ECF No. 49).

Under the § 3553(a) factors, Defendant argues early release is appropriate because his post-offense rehabilitation demonstrates that he turned away from crime and drugs, obtained gainful employment, and served as a caretaker for his children and ailing wife. (*Id.* at 1-2, 9). He believes those achievements – along with his clean disciplinary record while incarcerated –

indicate he will not pose a danger to the public or recidivate if released. He also cites cases in which district courts have released defendants who have served similar or smaller percentages of their sentences compared to himself. (*Id.* at 9-10).

According to the United States, Defendant has been adequately treated for COVID-19 at Fort Dix and is now asymptomatic. (Opp. Br. at 2, 5). It believes he should not be released because he could spread the virus to his family and others, and it asserts that his release plan does not include measures for treatment or quarantining. (*Id.* at 1, 4). In fact, it argues, "outcomes are better for those who contract COVID-19 in BOP custody than for those who contract it in the general United States population." (*Id.* at 5-6). Further, it asserts that testing positive for COVID-19 is not an extraordinary and compelling reason for early release and maintains that his other health conditions are being adequately managed by BOP. (*Id.* at 4-5).

Citing the § 3553(a) factors, the United States contends that it would be inappropriate to release Defendant after serving less than one half of his sentence, particularly in light of his criminal history and the seriousness of the offense for which he is presently incarcerated. (*Id.* at 6).

In his reply, Defendant argues that he will not pose a threat of infection to his family or community if released because "more than four weeks have passed since [he] tested positive, and he has no symptoms other than a lingering cough." (Reply Br. 1, ECF No 50). He cites CDC research indicating that most people who have tested positive for the virus are not infectious more than 10 days after symptoms begin, or 20 days in severe cases. (*Id.*). He also asserts that having had COVID-19 once does not provide any certainty of immunity from future infection,

3

and he cites cases in which courts have released prisoners based on the possibility of reinfection.[1]  (*Id.* at 1-2).

## II.

A court may grant a compassionate release motion if the criteria in 18 U.S.C. § 3582(c) are satisfied.  The First Step Act allows an inmate to move for compassionate release directly after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (codified at 18 U.S.C. § 3582(c)(1)(A)).

When an inmate has exhausted his administrative remedies, a court may reduce his sentence if the modification is justified by "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  According to the Sentencing Commission's policy statement, a defendant's medical condition, age, family circumstances, or "other reasons" may be grounds to find that "extraordinary and compelling reasons" for compassionate release exist.  U.S. Sent'g Guidelines Manual (USSG) § 1B1.13 cmt. n.1(A)-(D) (U.S. Sent'g Comm'n 2018).

Courts have considered what "other reasons" are sufficient to warrant release under the "extraordinary and compelling" provision.  In light of the COVID-19 pandemic, courts have

---

[1] Despite Rivers' contention, courts have gone both ways on this issue.  *Compare United States v. Walls*, No. 2:12-CR-00173, 2020 WL 6390597, at *15 (W.D. Pa. Nov. 2, 2020); *United States v. Babbitt*, No. CR 18-384, 2020 WL 6153608, at *11 (E.D. Pa. Oct. 21, 2020) *with United States v. Hopson*, No. CR 03-151, 2020 WL 6156295, at *5 n.4 (W.D. Pa. Oct. 21, 2020); *United States v. Evans*, No. CR 13-173, 2020 WL 6144006, at *9 (W.D. Pa. Oct. 20, 2020); *United States v. Anico*, No. CR 19-86, 2020 WL 5407913, at *4 (E.D. Pa. Sept. 9, 2020); *United States v. Epstein*, No. CR 14-287-1 (FLW), 2020 WL 2537648, at *6 (D.N.J. May 19, 2020).  In *Walls* and *Babbitt*, the defendants had multiple risk factors recognized by CDC, unlike Mr. Rivers.

generally deferred to the CDC's list of underlying medical conditions that increase one's risk of severe illness from the virus. *See, e.g.*, *United States v. Henderson*, No. CR 15-0329 (ES), 2020 WL 5055081, at *4 (D.N.J. Aug. 26, 2020). Obesity is a known risk factor and is Defendant's only health condition that appears on CDC's list. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 7, 2020).[2]

Even if extraordinary and compelling circumstances for compassionate release are present, a court may deny the requested relief if the 18 U.S.C. § 3553(a) factors do not weigh in favor of the defendant's release. *See, e.g.*, *United States v. Pawlowski*, 967 F.3d 327 (3d Cir. 2020).

Further, the Third Circuit has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

III.

First, the United States does not contest that Defendant has exhausted his administrative remedies. As such, the next question for the Court is whether Mr. Rivers presents extraordinary and compelling reasons for compassionate release.

As previously mentioned, only one of Defendant's conditions – obesity – appears on CDC's list of underlying medical conditions that place one at increased risk for severe illness from COVID-19. *See* CDC, *supra*. Regarding COVID-19, Defendant acknowledges that he has

---

[2] According to CDC, a person is considered obese if s/he has a BMI that exceeds 30. *Id.*

few, if any, remaining symptoms, (Reply Br. at 1), and his BOP medical records indicate that he "is no longer in need of a daily medical assessment unless [he] becomes symptomatic," (Opp. Br. Ex. A).  That indicates that, despite his underlying health conditions, Defendant is not experiencing severe illness from COVID-19 or, if he was, appears to be recovering under BOP's treatment.  Further, while the number of COVID-19 cases at Fort Dix has been high in recent months, over one thousand inmates have recovered, and none have died.  *See Raia*, 954 F.3d at 597; *COVID-19 Cases*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last visited Jan. 19, 2021).  Nevertheless, due to the circumstances surrounding Defendant's health, the Court finds that he has presented extraordinary or compelling reasons for compassionate release at this time.

Despite same, the Court finds that the § 3553(a) factors do not support Defendant's early release.  While Mr. Rivers makes a compelling case for his rehabilitation and family situation, the Court considered those factors when it sentenced him.  He was sentenced below the recommended guidelines range and has served about half of that sentence today.  That is, while this Court could have sentenced Defendant to a term of up to 87 months, it found that 60 months was appropriate based upon his personal circumstances.  Now, Defendant asks to be released after serving merely two and a half years of that reduced sentence.   His prior criminal history is also a significant factor.  Those offenses include drug violations, robbery and a violation of parole.  As such, Defendant's extensive criminal history (Category V) and the need for both general and specific deterrence, outweigh the merits of his application.  A sentence reduction is unwarranted here in light of his prior criminal activity.

For the foregoing reasons, Defendant's motion for compassionate release is denied.

## ORDER

**THIS MATTER** having come before the Court on Defendant Damon River's Motion for Compassionate Release, (ECF No. 48); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons;

**IT IS** on this 19th day of January, 2021,

**ORDERED** that Defendant's motion for compassionate release, (ECF No. 48), is **denied**.

s/<i>Peter G. Sheridan</i><br>
PETER G. SHERIDAN, U.S.D.J.