UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>v.<br><br>DAMON RIVERS<br><br>*Defendant.* | Crim. Action No.: 3:17-cr-00539<br><br>**MEMORANDUM AND ORDER DENYING MOTION FOR RECONSIDERATION** |

This matter comes before the Court on Defendant Damon River's *pro se* Motion for Reconsideration of the Court's January 2021 order denying compassionate release. (ECF No. 53). The Court heard oral argument on June 15, 2021. For the reasons that follow, Defendant's motion is denied.

I.

In April 2019, this Court sentenced Defendant to five years of imprisonment after he pled guilty to distributing and possessing with intent to distribute cocaine – in the amount of 56 grams of cocaine and 55 grams of cocaine base – in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (ECF Nos. 33, 45). In November 2020, Defendant moved for compassionate release on the grounds that (1) his medical conditions placed him at increased risk for negative outcomes from COVID-19, (2) BOP was inadequately managing his health conditions, and (3) he had already contracted COVID-19 and feared being exposed again. (ECF No. 48 at 3-7).

1

The Court acknowledged that Defendant's obesity was an extraordinary and compelling circumstance, in light of CDC guidance,[1] but found that the § 3553(a) factors weighed against granting compassionate release. Specifically, a sentence reduction was not warranted because (1) Defendant had an extensive criminal history, (2) the Court varied downward in sentencing based on Defendant's personal circumstances, and (3) Defendant had served merely half of his below-guidelines sentence. (ECF No. 52 at 6).

Defendant filed the present motion for reconsideration on March 31, 2021. He asserts that, due to the strain on medical resources from the pandemic, he is not getting the medical attention he needs at Fort Dix for several reported health concerns. (ECF No. 53 at 2-3). Further, he believes he is at an increased risk of reinfection and negatives outcomes from COVID-19. (*Id.* at 6-7). He notes that courts have granted compassionate release to inmates like himself who were given below-guideline sentences. (*Id.* at 12). As in his prior motion, he emphasizes his good post-sentencing conduct and reiterates that he does not pose a danger to the community. (*Id.* at 11). The United States opposes the motion, arguing that the grounds for reconsideration have not been met. (ECF No. 55 at 1-3).

II.

"Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party 'believes the Judge or Magistrate Judge has overlooked' when it ruled on the motion." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 477-78 (D.N.J. 2014) (quoting Local Civil Rule 7.1(i)). In a motion for reconsideration, "[t]he movant has the burden of demonstrating either: '(1) an intervening change in the controlling law; (2) the availability of

---

[1] Obesity appears on CDC's list of underlying medical conditions that place one at increased risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 19, 2021).

2

new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (alteration in original) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

III.

Defendant argues his circumstances have changed since the Court denied his compassionate release motion because his requests for medical treatment have gone unanswered and there was a recent outbreak of COVID-19 in his housing unit – including some inmates who were reinfected after testing negative. (ECF No. 53 at 4-5, 7). However, this does not constitute a change in the controlling law or new evidence. Nor does it suggest the Court committed a clear error in its prior decision. Further, with the widespread availability of the COVID-19 vaccine in recent months, the risk of negative outcomes from the virus is no longer considered an extraordinary and compelling reason for compassionate release. *See, e.g.*, *United States v. Fitzpatrick*, No. CR 19-357, 2021 WL 2201683, at *4 (D.N.J. May 28, 2021). Overall, Defendant has not met the criteria for reconsideration.

Regarding Rivers' complaints about lack of medical attention, an inmate may seek formal review of an issue related to any aspect of his confinement through the BOP Administrative Remedy Program. Bureau of Prisons, Administrative Remedy Program 1 (2014), https://www.bop.gov/policy/progstat/1330_018.pdf. If he is unable to obtain medical treatment through the Administrative Remedy Program, a process he has not undertaken, and alleges that his constitutional rights have been infringed, "he may bring a *Bivens*[2] claim against the offending individual officer, subject to the defense of qualified immunity." *Corr. Servs. Corp. v. Malesko*,

---

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

534 U.S. 61, 72 (2001); *see also Romeo S.K. v. Tsoukaris*, Civ. A. No. 20-5512 (JMV), 2020 U.S. Dist. LEXIS 135392, at *23 (D.N.J. July 29, 2020).

## **ORDER**

This matter is before this Court on Defendant's motion for reconsideration (ECF No. 53); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 7th day of July, 2021,

ORDERED that Defendant's motion for reconsideration (ECF No. 53) is denied.

_____
PETER G. SHERIDAN, U.S.D.J.